Kain, Appellant, *v.*
McCullion, Registrar, Appellee.

(No. 2266—Decided
October 7, 1987.)

*William G. Rickett,* for appellant.

*Frank C. Oehl,* assistant prosecuting attorney, for appellee Michael McCullion, Registrar of Motor Vehicles.

QUILLIN, P.J. Robert L. Kain appeals the trial court's decision upholding the suspension of his driver's license for refusal to submit to a chemical test. We affirm.

### Assignment of Error I

"The trial court erred as a matter of law by holding that the petitioner was advised of the consequences of his refusal in accordance with Section 4511.191(C) of the Ohio Revised Code."

Kain argues that the written advice form was not read to him in the presence of the arresting officer and another qualified witness as required by R.C. 4511.191(C). The arresting officer showed and read to Kain the written advice form. As was her duty, a cadet officer in another room witnessed the advice and refusal by means of an intercom and a closed-circuit television. The witness certified this fact by signing the form. Kain asserts that the statute requires the witness' physical presence in the same room as the suspect and the person reading the form. Kain supplies us with no authority to support his proposition, nor do we read the statute to require physical presence. No reason has been advanced why the purpose of the statute has not been fully satisfied.

The assignment of error is overruled.

### Assignment of Error II

"The trial court erred as a matter of law by holding that petitioner-appellant refused to submit to a BAC Verifier Test under the provisions of Section 4511.191(D) of the Ohio Revised Code."

Sometime after Kain refused to take a chemical test, the arresting officer discovered that the BAC verifier machine was not working. Kain argues that, because the officer could not have given the test on that particular machine, the lower court erred in finding that he had refused.

Even though the officer could not have given Kain a breath test on the machine in the station, other means of chemical testing were available if Kain had not refused to be tested. We therefore agree with the trial court that Kain did not sustain his burden of establishing by a preponderance of the evidence that the Registrar of Motor Vehicles erred in suspending his license. *Hoban* v. *Rice* (1971), 25 Ohio St. 2d 111, 116, 54 O.O. 2d 254, 256, 267 N.E. 2d 311, 314-315.

The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, J., concurs in judgment only.

MAHONEY, J., dissents.

MAHONEY, J., dissenting. I dissent as I believe R.C. 4511.191(C) requires the physical presence of both witnesses in the same immediate area or room as the arrested person. I find nothing which authorizes the monitoring of that statutory procedure by audio or video electronic surveillance. Such monitoring violates the purpose and spirit of the requirement that the advising and reading procedure be done "* * * in the presence of the arresting officer and one other police officer or civilian police employee * * *." R.C. 4511.191(C).

The purpose of requiring the presence of a witness is to corroborate if possible the statements and actions of the arresting officer and the arrested person so to avoid the obvious problems of proof which occur in "one-on-one" confrontations. In the instant case, the "other police officer" was in another room performing her duties[1] as a dispatcher which apparently included monitoring of the R.C. 4511.191(C) procedure by electronic surveillance.[2] The arrested person can never impeach or discredit the monitor's testimony as he can not see or hear what the monitor is doing or saying.

I believe the statute requires that all three persons be in the physical presence of each other. Fairness and justice to all parties require no less.

---

[1] The duties here also included clerical duties as well as answering the telephone, and receiving and sending radio messages.

[2] This particular system was an ordinary intercom microphone and a single fixed wall-mounted camera. No tape recording of audio or video was made.