OPINION
Petitioner, Michael Langen, appeals from a judgment of the Miamisburg Municipal Court which upheld an administrative suspension of Langen's operator's license that had been imposed by the Registrar of the Ohio Bureau of Motor Vehicles pursuant to R.C. 4511.191.
During the early morning hours of December 27, 1998, West Carrollton police stopped Michael Langen for speeding. Upon speaking with Langen, police noticed a strong odor of alcohol. After failing several field sobriety tests, Langen was arrested for operating a motor vehicle while under the influence of alcohol. R.C. 4511.19(A).
Langen was transported to the police station where the implied consent form, BMV Form 2255, was read to him. Langen was advised of the consequences of taking and failing or refusing to submit to a chemical test to determine the amount of alcohol in his blood, breath, or urine. R.C. 4511.191(C) (1) and (2). The process of reading the implied consent form to Mr. Langen was witnessed by a police dispatcher from a separate room by means of a video camera and monitor and a microphone. R.C.4511.191(C)(2)(a).
Langen refused to submit to the test, whereupon the arresting officer advised Langen that his driver's license was suspended. R.C. 4511.191(D)(1)(a). Langen was provided with an unsworn copy of the arresting officer's report. R.C. 4511.191
(D)(2). Subsequently, the arresting officer sent the Registrar an unsworn copy of the officer's report. R.C. 4511.191(D)(1)(c). The Registrar then entered the period of Mr. Langen's license suspension into the BMV's records. R.C. 4511.191(E)(1).
Michael Langen appealed his administrative license suspension to the Miamisburg Municipal Court. Following a hearing, the court upheld that license suspension. Langen then filed a timely notice of appeal to this court.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY UPHOLDING THE ADMINISTRATIVE LICENSE SUSPENSION AND FAILING TO FIND THAT THE ABSENCE OF A SWORN REPORT CONSTITUTED A SUBSTANTIAL DEFECT IN THE INITIATION OF THE ALS PROCEEDING SO AS TO PRECLUDE ANY SUSPENSION BY THE REGISTRAR OF THE OHIO BUREAU OF MOTOR VEHICLES.
When a person under arrest for operating a motor vehicle while under the influence of alcohol refuses to submit to a chemical test to determine the concentration of alcohol in that person's blood, breath, or urine, the arresting officer is required by R.C. 4511.191(D)(1)(a)-(c) to advise the person that his driver's license is suspended, effective immediately, and to seize that person's driver's license and immediately forward it to the Registrar of the Ohio Bureau of Motor Vehicles. Furthermore, R.C. 4511.191(D)(1)(c) specifically requires:
 In addition to forwarding the arrested person's driver's or commercial driver's license or permit to the registrar, send to the registrar, within forty-eight hours after the arrest of the person, a sworn report that includes all of the following statements:
 (i) That the officer had reasonable grounds to believe that, at the time of the arrest, the arrested person was operating a vehicle upon a highway or public or private property used by the public for vehicular travel or parking within this state while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with a prohibited concentration of alcohol in the blood, breath, or urine;
 (ii) That the person was arrested and charged with operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine;
 (iii) That the officer asked the person to take the designated chemical test, advised the person of the consequences of submitting to the chemical test or refusing to take the chemical test, and gave the person the form described in division (C) (2) of this section;
 (iv) That the person refused to submit to the chemical test or that the person submitted to the chemical test and the test results indicate that the person's blood contained a concentration of ten-hundredths of one per cent or more by weight of alcohol, the person's breath contained a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath, or the person's urine contained a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of the person's urine at the time of the alleged offense;
 (v) That the officer served a notice of suspension upon the person as described in division (D) (1) (a) of this section.
R.C. 4511.191(D) goes on to provide:
 (2) The sworn report of an arresting officer completed under division (D) (1) (c) of this section shall be given by the officer to the arrested person at the time of the arrest or sent to the person by regular first class mail by the registrar as soon thereafter as possible, but no later than fourteen days after receipt of the report. An arresting officer may give an unsworn report to the arrested person at the time of the arrest provided the report is complete when given to the arrested person and subsequently is sworn to by the arresting officer. As soon as possible, but no later than forty-eight hours after the arrest of the person, the arresting officer shall send a copy of the sworn report to the court in which the arrested person is to appear on the charge for which the person was arrested.
 (3) The sworn report of an arresting officer completed and sent to the registrar and the court under divisions (D) (1) (c) and (D) (2) of this section is prima-facie proof of the information and statements that it contains and shall be admitted and considered as prima-facie proof of the information and statements that it contains in any appeal under division (H) of this section relative to any suspension of a person's driver's or commercial driver's license or permit or nonresident operating privilege that results from the arrest covered by the report.
 (E) (1) Upon receipt of the sworn report of an arresting officer completed and sent to the registrar and a court pursuant to divisions (D) (1)(c) and (D)(2) of this section in regard to a person who refused to take the designated chemical test, the registrar shall enter into the registrar's records the fact that the person's driver's or commercial driver's license or permit or nonresident operating privilege was suspended by the arresting officer under division (D)(1)(a) of this section and the period of the suspension, as determined under divisions (E)(1)(a) to (d) of this section. The suspension shall be subject to appeal as provided in this section. . . . (Emphasis supplied.)
In this case the arresting officer's report that was forwarded to the Registrar and the court was not sworn as R.C.4511.191(D)(1)(c) requires. Langen argues that the failure to conform to that statutory requirement invalidated the administrative license suspension, deprived the Registrar of the BMV of authority to suspend his license, and required the court to terminate the suspension of Langen's driver's license. Langen points out that portions of the implied consent statute recognize a distinction between sworn and unsworn reports by the arresting officer, R.C. 4511.191(D)(2), and he likens the statute's requirement that a sworn report be submitted to the Registrar, R.C. 4511.191(D)(1)(c), (E)(1), to a jurisdictional requirement.
Pursuant to R.C. 4511.191(H), when an arrestee appeals his administrative license suspension the scope of the appeal is limited to determining whether the arrestee has proved, by a preponderance of the evidence, that one or more of the following conditions have not been met:
 (a) Whether the law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle upon a highway or public or private property used by the public for vehicular travel or parking within this state while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with a prohibited concentration of alcohol in the blood, breath, or urine and whether the arrested person was in fact placed under arrest;
 (b) Whether the law enforcement officer requested the arrested person to submit to the chemical test designated pursuant to division (A) of this section;
 (c) Whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test;
(d) Whichever of the following is applicable:
 (i) Whether the arrested person refused to submit to the chemical test requested by the officer;
 (ii) Whether the chemical test results indicate that the arrested person's blood contained a concentration of ten-hundredths of one per cent or more by weight of alcohol, the person's breath contained a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath, or the person's urine contained a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of the person's urine at the time of the alleged offense.
R.C. 4511.191(H)(1).
By implication, R.C. 4511.191(H) bars consideration of whether the procedures mandated by the statute have been satisfied. However, an arrestee is required to meet his burden of proof under R.C. 4511.191(H) only after the Registrar has presented prima facie proof that the arresting officer complied with the procedures mandated by R.C. 4511.191(D)(1)(c). Triguba v.Registrar, BMV (1996), Franklin App. No. 95APG11-1416, unreported. The Registrar may establish such prima facie proof either through the arresting officer's sworn report, properly admitted per R.C.4511.191(D)(3), or through the officer's sworn testimony at a hearing held during the appeal from the administrative license suspension. Triguba, supra.
We reject Langen's argument that the Registrar "lacked jurisdiction" to suspend Langen's operating privileges administratively because the report the officer submitted was unsworn. Jurisdiction is a judicial concept. The Registrar's action is administrative, an exercise of the police power which the General Assembly has prescribed. In that context, the "sworn report" requirement creates no due process, as it might for judicial proceedings. At most, it substantiates and dignifies the basis upon which the Registrar acts. The General Assembly could just as well have prescribed use of a waxen seal over a red ribbon to accomplish the same result.
In this case the arresting officer testified under oath at the administrative license suspension hearing which was held pursuant to Mr. Langen's appeal. The arresting officer's testimony encompassed all of the information which R.C.4511.191(D)(1)(c) requires the officer to include in his sworn report, and concomitantly all of the conditions specified in R.C.4511.191(H)(1) which are necessary to support a license suspension. Because the report of the arresting officer in this case was not sworn as R.C. 4511.191(D)(1)(c) requires, that report cannot be prima facie proof of the information and statements it contained. However, we conclude that defect was cured during the judicial proceedings in this case, the ALS hearing, when the arresting officer testified under oath about each and every one of the matters which R.C. 4511.191(D)(1)(c) requires the sworn report to contain.
Under these particular facts and circumstances, proof of compliance with R.C. 4511.191(D)(1)(c) was demonstrated, and the burden then shifted to the arrestee, Langen to prove by a preponderance of the evidence that one or more of the conditions specified in R.C. 4511.191(H)(1) had not been met. On this record, Langen failed to meet that burden of proof, and thus the trial court did not err in upholding and continuing Langen's license suspension.
This assignment of error is not well taken.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY UPHOLDING THE ADMINISTRATIVE LICENSE SUSPENSION AND FINDING THAT PHYSICAL PRESENCE IS NOT NEEDED TO SATISFY THE "IN THE PRESENCE OF" REQUIREMENT OF R.C. 4511.191(C) (2)(a) FOR THE READING AND SHOWING TO THE APPELLANT THE PRESCRIBED STATUTORY ADVICE OF R.C. 4511.191(C)(2)(b).
When an arresting officer reads to the arrestee that portion of the implied consent form which advises the arrestee of the consequences of either refusing to submit to a chemical test to determine the concentration of alcohol in the arrestee's blood, breath, or urine, and of submitting to such a test and being found to have a prohibited concentration of alcohol, R.C.4511.191(C)(2)(a) requires that the form be read to the arrestee "in the presence of" the arresting officer and another qualified witness.
In this case the arresting officer read the implied consent form to Mr. Langen, but not in the physical presence of a third person. The witness in this case, a police dispatcher, was physically located in a separate room, some one hundred feet away from the arresting officer and Mr. Langen. Nevertheless, she heard and saw the officer reading the form to Langen vis-a-vis a video camera and monitor and a microphone. Langen argues that the phrase "in the presence of," as used in R.C. 4511.191(C)(2) (a), means in the actual physical presence of a qualified witness, and that because the procedure in this case did not comply with that statutory requirement Langen's administrative license suspension should be terminated. We disagree.
The witness in this case, police dispatcher Linda Rickert, testified that she was able to see and hear as Officer Bell, the arresting officer, showed the form and read the form to Michael Langen. Linda Rickert certified that she witnessed this procedure by signing the implied consent form at the place designated for the "witness." We note that the same procedure utilized by police in this case has been upheld as sufficient compliance with the "witness" provision of R.C. 4511.191(C). Kain v. McCullion
(1987), 36 Ohio App.3d 116. Given the facts and circumstances present in this case, no persuasive reason has been advanced why the purpose of this statutory requirement has not been satisfied by the procedure used.
This assignment of error is not well taken. The judgment of the trial court will be affirmed.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
Walter W. Galvas, Esq.
Patrick G. Carney, Esq.
Hon. Thomas Liptock (Acting Judge)